UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| **JULIE A. SU**, Acting Secretary of Labor, United States Department of Labor, | ) ) ) ) |
| Plaintiff, | ) ) ) Civil Action No. |
| v. | ) ) |
| **DETROIT BODY GUARDS PROTECTION UNIT, LLC**, a limited liability company; and **CARLA BLAND**, an individual, | ) ) ) ) ) ) |
| Defendants. | ) ) |

## COMPLAINT

Pursuant to Section 217 of the Fair Labor Standards Act, of 1938, as amended (29 U.S.C. § 201 *et seq.*) ("FLSA" or "Act"), Plaintiff, **Julie A. Su**, Acting Secretary of Labor, United States Department of Labor ("Acting Secretary"), brings this action to enjoin and restrain the Defendants **Detroit Body Guards Protection Unit**, a Michigan limited liability company ("Detroit Body Guards"), and **Carla Bland** ("Bland"), an individual (collectively, "Defendants"), from violating

1

Sections 207, 211, 215(a)(2), and 215(a)(5) of the FLSA, pursuant to section 17 of the Act; and to recover unpaid overtime compensation owing to defendants' employees together with an equal additional amount in liquidated damages pursuant to Section 216(c) of the Act (29 U.S.C. § 216(c)) for Defendants' employees.

The Acting Secretary, through the Wage and Hour Division, conducted an investigation of Defendants for compliance with the FLSA. The Acting Secretary's investigation reviewed Defendants' employment and pay practices from October 11, 2021, through April 30, 2022 (the "Investigation Period"). Unless stated otherwise, all allegations and conditions described herein pertain to the Investigation Period.[1]

## Jurisdiction and Venue

1. This Court has jurisdiction of this case. 29 U.S.C. §§ 216(c), 217 and 28 U.S.C. § 1345.

---

[1] If Defendants continued to violate the FLSA after the Investigation period, then the allegations and conditions of pay and employment disclosed are incorporated herein by reference and Defendants may owe additional back wages and liquidated damages to employees.

2. This Court is the proper venue because all or a substantial part of the events or omissions giving rise to these allegations occurred in this judicial district.

**Defendants**

3. Defendant Detroit Body Guards is a limited liability company within this Court's Jurisdiction with an office at 13500 Tacoma, Detroit, Michigan 48205, where it conducts business.

4. Defendant Detroit Body Guards provides armed security guards to multiple recreational and medicinal marijuana dispensaries throughout metropolitan Detroit and engages in the performance of related types of activities in Detroit, Michigan.

5. Defendant Bland is the Human Resources Director of Detroit Body Guards and has actively managed and supervised Detroit Body Guards operations and its employees during the Investigation Period. Among other things, Bland hired and fired employees, and set their pay rates.

6. Defendant Bland has acted directly or indirectly in Detroit Body Guards interests with respect to its employees and is therefore an "employer" under the FLSA. 29 U.S.C. § 203(d).

7. During the Investigation Period, Defendants engaged in business within Wayne County, within this Court's jurisdiction.

## The FLSA Applies to Defendants

8. Detroit Body Guards is an "enterprise" under the FLSA due to its related activities performed through unified operation or common control and for a common business purpose. 29 U.S.C. § 203(r).

9. Detroit Body Guards is an "enterprise engaged in commerce" under the FLSA, because it had (i) two or more employees who are engaged in or produced goods for commerce; and (ii) an annual gross volume of sales or business done greater than $500,000 during the Investigation Period. 29 U.S.C. § 203(s)(1)(A).

## FLSA Violations

10. Defendants repeatedly violated Sections 207 and 215(a)(2) of the FLSA when they failed to pay their security guards 1.5 times their regular rates for hours worked in excess of 40 in a workweek. Instead,

Defendants paid their security guards their regular rates for all hours worked. 29 U.S.C. §§ 207(a)(1), 215(a)(2).

11. Defendants misclassified certain overtime-eligible security guards as exempt executive employees under Section 13(a)(1) of the FLSA and failed to pay those employees overtime compensation when they worked more than forty hours in a workweek:

    a. Defendants failed to pay these security guards a weekly salary of at least $684.

    b. These security guards' primary duties were not managing the company or regularly directing the work of two or more full time employees.

    c. These security guards did not have the authority to hire and fire other employees, and they did not provide recommendations regarding hiring, firing, advancement, or promotion of other employees that were given particular weight.

    d. Therefore, Defendants misclassified these security guards as exempt employees as under Section 13(a)(1) of the FLSA. 29 U.S.C. § 213(a)(1); 29 C.F.R. § 541.100.

12. Defendants repeatedly violated Sections 211 and 215(a)(5) of the FLSA when they failed to maintain complete and accurate weekly time records. Defendants failed to document certain employees' hours worked on their payroll records. Defendants also failed to keep and preserve accurate weekly time records. 29 U.S.C. §§ 211, 215(a)(5), 29 C.F.R. Part 516.

13. Moreover, Defendants repeatedly and willfully violated Sections 207 and 215(a)(2) of the FLSA because Defendants knew or showed reckless disregard for whether the FLSA prohibited their conduct.

14. Specifically, Defendants acted willfully as they had notice of the FLSA's requirements because of a prior Wage and Hour Division investigation. That investigation covered the period of August 11, 2019, through October 10, 2021 and revealed that Defendants paid employees their regular rates for all hours worked, including hours in excess of 40 during a workweek. The Defendants did not furnish payroll records, time cards, or employee wage rates to the Wage and Hour Division.

Although at the conclusion of that investigation Bland signed a Form WH-56 wherein she agreed to pay overtime wages owed, she did not.[2] Bland also assured the Acting Secretary that Detroit Body Guards would comply with the FLSA in the future.

## Remedies Sought

15. As a result of their FLSA violations, Defendants owe the employees listed in Exhibit A back wages and liquidated damages, under 29 U.S.C. §§ 216(c), 217. If Defendants continued to violate the FLSA after the Investigation Period, then Defendants may owe additional back wages and liquidated damages to employees.

16. Defendants may also owe additional back wages and liquidated damages during the Investigation Period to employees whose identities are presently unknown to the Acting Secretary.

---

[2] As a result of non-payment of the outstanding back wages, the earlier matter was referred for debt collection in April 2022. She has subsequently paid some of the back wages due in that investigation and as of October 2023, $25,587.37 is still outstanding.

7

17. Because Defendants repeatedly and willfully violated the FLSA, the Acting Secretary is entitled to recover back wages and liquidated damages for a three-year period. 29 U.S.C. § 255(a).

## Prayer for Relief

As a result of Defendants repeated and willful FLSA violations, the Acting Secretary respectfully requests this Court enter an Order:

A. Permanently enjoining and restraining Defendants, their officers, agents, servants, employees, and those in active concert or participation with them, from violating Sections 207, 211, 215(a)(2), and 215(a)(5) of the FLSA. 29 U.S.C. § 217(a).

B. Finding Defendants liable for unpaid overtime wages, plus an equal amount in liquidated damages, owing to the employees listed in Exhibit A, as well as to other of Defendants' employees not yet known to the Acting Secretary. 29 U.S.C. § 216(c).

C. If the Court declines to award liquidated damages, then enjoining and restraining Defendants, their officers, agents, employees, and those persons in active concert or participation with Defendants,

from withholding unpaid compensation found owing to Defendants' employees, plus prejudgment interest computed at the underpayment rate established by the Acting Secretary of the Treasury under 26 U.S.C. § 6621.

    D.    Providing such other relief as may be necessary and appropriate.

    E.    Awarding costs and granting such other and further relief as may be necessary and appropriate.

                                              Respectfully submitted,

                                              **SEEMA NANDA**
                                              Solicitor of Labor

                                              **CHRISTINE Z. HERI**
                                              Regional Solicitor

                                              ~~/s/Emelda Medrano~~
                                              **EMELDA MEDRANO**

**LOCAL COUNSEL:**                    Trial Attorney

**DAWN ISON**                            U.S. Department of Labor
United States Attorney            Office of the Solicitor
                                              230 S. Dearborn St., Room 844
**KEVIN ERSKINE (P69120)**    Chicago, IL  60630
Assistant U.S. Attorney           Telephone:  312-353-1169
211 W. Fort Street, Ste. 2001    *Attorney for Plaintiff Julie A. Su,*
Detroit, MI 48226                    *Acting Secretary of Labor,*
Email: kevin.erskine@usdoj.gov  *United States Department of Labor*
                                              ***Plaintiff***

# **EXHIBIT A**

1. J. Alderson
2. J. Anderson
3. C. Birch Meir
4. M. Brandly
5. B. Bruegger
6. R. Buthia
7. D. Byrd
8. M. Cross
9. W. Freeman
10. A. Gibson
11. R. Haley
12. A. Headley
13. K. Hooks
14. J. St. John
15. W. Johnson
16. T. Jones
17. T. Kilgore
18. B. Kloha
19. D. McClendon
20. T. McKinnon
21. K. Mclaren
22. K. Pasha
23. J. Peete
24. R. Pierce
25. D. Pope
26. J. Saine
27. M. Sanford
28. B. Smith
29. C. Smith
30. R. Sutton
31. C. Versreate
32. C. Vincent
33. A. West