UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| JULIE A. SU, Acting Secretary of Labor, United States Department of Labor,<br><br>Plaintiff,<br><br>v.<br><br>DETROIT BODY GUARDS PROTECTION UNIT, LLC, et al.,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>) Civil Action No. 23-13175<br>)<br>) Hon. Susan K. DeClercq<br>)<br>)<br>)<br>)<br>) |

## AMENDED CONSENT JUDGMENT AND ORDER[1]

Plaintiff, **Julie A. Su,** Acting Secretary of Labor, United States Department of Labor, has filed a complaint under the Fair Labor Standards Act of 1938 as amended (29 U.S.C. § 201 *et seq.*) ("FLSA"), and Defendants **Detroit Body Guards Protection Unit, LLC, and Carla Bland** (collectively, "Defendants") have appeared by counsel, and waive formal service of process of the Summons and Complaint, waive their Answer and any defenses which they may have, and agree to the entry of this Amended Consent Judgment and Order ("Consent Judgment") without contest.

Defendants admit and the Court finds Defendants are engaged in related activities performed through unified operation or common control for a common business purpose and are an "enterprise" under 29 U.S.C. § 203(r) of the FLSA.

---

[1] This *Amended Consent Judgment* is being filed for the sole purpose of including Exhibit A, attached. Due to a clerical error Exhibit A was not included with the original filing.

Defendants admit and the Court finds Defendants are an enterprise engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. § 203(l)(A) of the FLSA.

Defendants admit and the Court finds Defendants are employers as defined in 29 U.S.C. § 203(d) of the FLSA.

Upon motion of attorneys for the Acting Secretary and for cause shown, it is:

ORDERED, ADJUDGED, AND DECREED, pursuant to section 17 of the FLSA that Defendants, their officers, agents, servants, and all persons acting or claiming to act on their behalf and interest be, and they hereby are, permanently enjoined and restrained from violating the provisions of sections 7, ll(c), 15(a)(2), 15(a)(3), and 15(a)(5) of the FLSA, in any of the following manners:

1.  Defendants shall not, contrary to 29 U.S.C. §§ 207 and 215(a)(2), employ any of their employees including, but not limited to, any of their employees working at Detroit Body Guards Protection Unit, LLC, or at any business location owned, operated, and/or controlled by Defendants, and at any other business location at which their employees perform work, in any workweek when they are engaged in commerce or employed in an enterprise engaged in commerce, within the meaning of the FLSA, for workweeks longer than forty hours, unless said employees receive compensation for their employment in excess of forty hours at a rate equivalent to one and one-half times the regular rate at which they are employed.

   a.  For purposes of Paragraph 1, prohibited actions include, without limitation: misclassifying security guards as exempt executive employees

2

under Section 13(a)(l) of the FLSA and failing to pay security guards overtime compensation when they work more than 40 hours in a workweek.

2. Defendants shall make, keep, and preserve adequate records of their employees and of the wages, hours, and other conditions and practices of employment maintained by them including, but not limited to, any of their employees working at Detroit Body Guards Protection Unit, LLC or at any business location owned, operated, and/or controlled by Defendants, and at any other business location at which their employees perform work, as prescribed by the Regulations issued pursuant to 29 U.S.C. §§ 211(c) and 215(a)(5) and found at 29 C.F.R. Part 516. Defendants shall make such records available at all reasonable times to representatives of the Plaintiff.

3. Pursuant to 29 U.S.C. § 215(a)(3), Defendants shall not discharge or take any retaliatory action against any of their current or former employees because the current or former employee engages in any of the following activities:

    a. Discloses, or threatens to disclose, to a supervisor or to a public agency, any activity, policy, or practice of the Defendants or another employer, with whom there is a business relationship, that the employee reasonably believes is in violation of the FLSA, or a rule or regulation promulgated pursuant to the FLSA;

    b. Provides information to, or testifies before, any public agency or entity conducting an investigation, hearing or inquiry into any alleged violation of the FLSA, or a rule or regulation promulgated pursuant to the

FLSA, by the Defendants or another employer with whom there is a business relationship;

      c.      Objects to, or refuses to participate in any activity, policy or practice which the employee reasonably believes is in violation of the FLSA, or a rule or regulation promulgated pursuant to the FLSA.

    4.    Defendants shall not request, solicit, suggest, or coerce, directly or indirectly, any employee to return or to offer to return to the Defendants or to someone else for the Defendants, any money in the form of cash, check, or any other form, for wages previously due or to become due in the future to said employee under the provisions of this Consent Judgment or the FLSA; nor shall Defendants accept or receive from any employee, either directly or indirectly, any money in the form of cash, check, or any other form, for wages paid to said employee under the provisions of this Consent Judgment or the FLSA; nor shall Defendants discharge or in any other manner discriminate, nor solicit or encourage anyone else to discriminate, against any such employee because such employee has received or retained money due to him from the Defendants. under the provisions of this Consent Judgment or the FLSA.

    5.    Defendants shall post this Consent Judgment at all of Defendants' establishments-at a location where employee notices are customarily posted-and shall remain posted for a period of not less than 90 days.

    FURTHER, JUDGMENT IS HEREBY ENTERED, pursuant to section 16(c) of the Act, in favor of the Acting Secretary and against Defendants in the total amount of $68,064.60 as set forth in Exhibit A.

6. The Acting Secretary shall recover from Defendants the sum of $23,719.72 in unpaid overtime compensation covering the period from October 11, 2021 to April 30, 2022, for Defendants' current and former employees whose names are listed in the attached Exhibit A, the additional sum of $23,719.72 in liquidated damages, and $20,625.16 in civil money penalties.

    a. At the time of Defendants' signing of this Consent Judgment, Defendants shall deliver payment in the amount of $47,439.44 ($23,719.72 representing back wages) with an equal amount of $23,719.72 in liquidated damages)[1] by ACH transfer, credit card, debit card, or digital wallet at https://www.pay.gov/public/form/start/77692637 or at www.pay.gov by searching "WHD Back Wage Payment-Midwest Region".[2]

    b. Defendants shall also furnish to the Secretary the full name, last-known address, last-known phone number, and social security number for each employee named in Exhibit A.

    c. Upon receipt of full payment of back wages and liquidated damages from Defendants, representatives of the Acting Secretary shall distribute such amounts, less appropriate deductions for federal income withholding taxes and the employee's share of the social security (F.I.C.A.) tax, to the employees or their legal representative as their interests may

---

[1] This Consent Judgment resolves the back wages, liquidated damages, and civil money penalties related to Investigation #1962088, for investigation period October 11. 2021 through April 30, 2022. This Consent Judgment does not resolve any back wages or interest related to Investigation #1937548 for investigation period August 11, 2019 through October 10, 2021.

[2] Defendants shall use #1962088 for the case/investigation number and the date they sign this Consent Judgment for any dates required at pay.gov.

appear, in accordance with the provisions of section 16(c) of the FLSA. Defendants remain responsible for the employer's share of F.I.C.A. arising from or related to the back wages distributed by the Acting Secretary.

      d.      A second payment of $20,625.16 (representing civil money penalties) shall be delivered by December 1, 2024, by ACH transfer, credit card, debit card, or digital wallet at https://pay.gov/public/form/start/77734516 or at www.pay.gov by searching "WHD CMP Payment-Midwest Region".

      e.      A three calendar-day grace period shall be allowed for receipt of each payment that is required by this paragraph. If Defendants fail to make any payment within that three calendar-day grace period, all remaining installment payments shall become immediately due and payable, without presentment, demand, protest or notice of any kind, all of which Defendants hereby expressly waive. Any defaulted balance shall be subject to the assessment of interest and penalty interest at rates determined by the U.S. Treasury as required by the Debt Collection Improvement Act of 1996 (P.L. 104-134) published by the Secretary of the Treasury in the Federal Register and other delinquent charges and administrative costs shall also be assessed. In the event of default, the Acting Secretary may pursue enforcement of this agreement and/or any additional collection action that may include, but is not limited to, administrative offset, referral of the account to credit reporting agencies, private collection agencies, and/or the Department of Justice.

  f. Should Defendants fail to pay any of the installment payments on or before the dates set forth above (with the three calendar-day grace period) and are not otherwise up-to-date on the total owed under this Consent Judgment, then Defendants consent to the entry of a Writ of Execution-consistent with the terms of this Consent Judgment and pursuant to Federal Rule of Civil Procedure 69-to enforce the monetary terms of this Consent Judgment. Such a writ of execution shall be limited to the pending balance of the Defendants' monetary obligations under this Consent Judgment at the time such writ is issued. The Acting Secretary may represent in filing for such a writ that Defendants consent to its issuance. In the event a writ of execution is entered by the Court, the Acting Secretary may engage in discovery in aid of execution as permitted by the Federal Rules of Civil Procedure. However, the Acting Secretary may not take any steps to enforce this Consent Judgment absent a default by Defendants under the terms of this Consent Judgment.

  g. Neither Defendants nor anyone on their behalf shall directly or indirectly solicit or accept the return of any sums paid under this Consent Judgment.

  h. If an individual named on Exhibit A refuses any sums paid under this Consent Judgment by attempting to return them to Defendants or to anyone on Defendants' behalf, Defendants shall refuse to accept them and shall ensure that all such sums be immediately paid to the Acting Secretary

for deposit as above. Defendants shall have no fm·ther obligations with respect to such monies.

I. Any monies not disbursed by the Department of Labor after three years from the date of payment by Employers, because of the inability to locate the proper persons or because of their refusal to accept payment, shall be deposited into the Treasury of the United States as miscellaneous receipts, pursuant to section 16(c) of the FLSA.

J. The provisions of this Consent Judgment shall not in any way affect any legal right of any individual not named on Exhibit A, nor shall the provisions in any way affect any legal right of any individual named on Exhibit A to file any action against Defendants for any violations alleged to have occurred outside the relevant period.

7. By entering into this Consent Judgment, Plaintiff does not waive their right to conduct future investigations of Defendants under the provisions of the FLSA and to take appropriate enforcement action, including assessment of civil money penalties pursuant to 29 U.S.C. § 216(e), with respect to any violations disclosed by such investigations.

It is FURTHER ORDERED that each party shall bear their own costs, fees and other expenses incurred by such party in connection with any stage of this proceeding, but not limited to, attorney fees which may be available under the Equal Access to Justice Act, as amended. The Court shall retain jurisdiction over this matter only for the purposes of enforcing this Consent Judgment.

Dated: December 16, 2024

/s/Susan K. DeClercq
Hon. Susan K. DeClercq
United States District Judge

Entry of this judgment
is hereby consented to:
**For Defendants:**
Date    11/25/24

DETROIT BODY GUARDS PROTECTION UNIT, LLC

*Cof /rA- A- Ri CVI?/*

By: Its Owner, CARLA BLAND

_____
CARLA BLAND, Individually


_____
Raymond Salloum
Law Office of Raymond Salloum
40700 Woodward Avenue, Ste 305
Bloomfield Hills, MI 48304
Salloumlaw@comcast.net
Attorney for Defendants


APPROVED:
**SEEMANANDA**
Solicitor of Labor

**CHRISTINE Z. HERI**
Regional Solicitor

*C*_____
Emelda Medrano
Trial Attorney
U.S. Department of Labor
Office of the Solicitor
230 South Dearborn Street, Rm. 844
Chicago, Illinois 60604
312-353-1169
Medrano.emelda@dol.gov


*Attorneys for Plaintiff Julie A. Su,*
*Acting Secretary of Labor,*
*United States Department of Labor*